IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JAMIL MITCHELL, an individual,   )
                                 )   2:09-cv-02411-GEB-EFB
            Plaintiff,           )
                                 )   STATUS (PRETRIAL
     v.                          )   SCHEDULING) ORDER
                                 )
HFS NORTH AMERICA, INC., a       )
California Corporation,          )
                                 )
            Defendant.[1]        )
_____)
```

The status (pretrial scheduling) conference scheduled for February 1, 2010 is vacated since the parties indicate in the Joint Status Report, filed on January 15, 2010, that the following Order should issue.

DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 through 100 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed August 27, 2009, at 2 n.2 (indicating that if justification for "Doe" defendant allegations not provided Doe defendants would be dismissed).

//
//
//
//

---

[1] The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

1

1             <u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

2        No further service, joinder of parties or amendments to
3 pleadings is permitted, except with leave of Court, good cause having
4 been shown.

5                                <u>DISCOVERY</u>

6        All discovery shall be completed by March 16, 2011.  In this
7 context, "completed" means that all discovery shall have been
8 conducted so that all depositions have been taken and any disputes
9 relative to discovery shall have been resolved by appropriate orders,
10 if necessary, and, where discovery has been ordered, the order has
11 been complied with or, alternatively, the time allowed for such
12 compliance shall have expired.[2]

13        Each party shall comply with Federal Rule of Civil Procedure
14 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or
15 before October 15, 2010, and with any contradictory and/or rebuttal
16 expert disclosure authorized under Rule 26(a)(2)(c)(ii) on or before
17 November 15, 2010.

18                        <u>MOTION HEARING SCHEDULE</u>

19        The last hearing date for motions shall be May 16, 2011, at
20 9:00 a.m.[3]  A motion shall be noticed for hearing on the court's
21 regularly scheduled law and motion calendar.

---

[2]    The Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  <u>See</u> Local Rule 302(c)(1).  A party conducting discovery near the discovery "completion" date risks losing the opportunity to have a judge resolve a discovery dispute concerning that discovery.

[3]    This does not apply to motions for temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1 The parties are cautioned that an untimely motion
2 characterized as a motion in limine may be summarily denied.  A motion
3 in limine addresses the admissibility of evidence.

4 <u>FINAL PRETRIAL CONFERENCE</u>

5 The final pretrial conference is set for July 25, 2011 at
6 2:30 p.m.  The conference shall be attended by at least one of the
7 attorneys who will conduct the trial for each party and by any
8 unrepresented party.

9 The parties are warned that <u>non-trial worthy issues could be
10 eliminated *sua sponte*</u> "[i]f the pretrial conference discloses that no
11 material facts are in dispute and that the undisputed facts entitle
12 one of the parties to judgment as a matter of law."  <u>Portsmouth Square
13 v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

14 The parties shall file a <u>JOINT</u> pretrial statement no later
15 than seven (7) calendar days prior to the final pretrial conference.[4]
16 The parties shall include in the joint pretrial statement: (1) a list
17 of the remaining claims against each defendant; (2) a list of the
18 remaining affirmative defenses; and (3) the estimated number of trial
19 days.[5]  Further, in accordance with Local Rule 281(b)(3)-(4), the
20 parties shall provide the undisputed facts they agree can be read to
21 the jury before opening statements, or used by the judge in deciding a

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[5] **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

3

bench trial; and a concise statement of disputed factual issues pertinent to the claims and affirmative defenses to be tried.

The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on October 25, 2011.

MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated: January 26, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge