IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMIL MITCHELL, | ) | |
| | ) | 2:09-cv-02411-GEB-EFB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR LEAVE TO FILE A |
| HFS NORTH AMERICA, INC., a | ) | FIRST AMENDED COMPLAINT[*] |
| California Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff moves for leave to amend his Complaint under Federal Rule of Civil Procedure ("Rule") 15(a)(2). Defendant opposes the motion, arguing the majority of Plaintiff's proposed amendments are futile. (Def.'s Opp'n 3:1-3, 3:20-21, 5:21-23.) Both parties argue the motion exclusively under Rule 15.

However, since a pretrial scheduling order has been filed that has an amended pleadings provision, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a). <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992)(stating Plaintiff's "ability to amend his complaint [is] governed [first] by Rule 16(b), not Rule 15(a)."). The following provision is contained in the Status (Pretrial Scheduling) order filed on January 27, 2010: "[n]o further . . . amendment[] to the pleadings is permitted,

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

except with leave of Court, **good cause having been shown**." (ECF No. 23, 2:2-4; emphasis added.) The Ninth Circuit discussed the Rule 16 "good cause" inquiry as follows:

> "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15." [citation omitted]. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." [citations omitted]. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [citation omitted]. If that party was not diligent, the inquiry should end.

Id. at 609.

Since Plaintiff has failed to make an adequate showing under the "good cause" standard, his motion is DENIED.

Dated: October 21, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

2